UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10311 PA (DFMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Mechelle Kinchen v. Megan J. Brennan | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS—COURT ORDER

Before the Court is a Motion to Disqualify Counsel filed by defendant Megan Brennan ("Defendant")[1] (Docket No. 49). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 23, 2020, is vacated, and the matter taken off calendar.

**I.     Factual and Procedural Background**

Plaintiff Michelle Kitchen worked for the United States Postal Service ("USPS") for 29 years until she was terminated in 2018. The Complaint alleges that she was terminated for violating USPS security policies by forwarding emails from her USPS email account to her personal email account. Plaintiff alleges that her termination for violations of the USPS security policies was pretextual and that, instead, she was terminated in retaliation for: (1) formal discrimination complaints she lodged against her supervisor; (2) taking a disability leave; (3) filing of ethics complaints; and (4) USPS' in-house employment attorney, Philip Ingram ("Ingram"),[2] becoming so tired of dealing with and exasperated by Plaintiff's administrative complaints that he undertook an investigation into Plaintiff's email habits that resulted in her termination. Plaintiff's Complaint contains a single claim for Title VII retaliation.

Defendant seeks to disqualify Plaintiff's counsel, Terrence Jones as a result of contact he initiated with Daphne Glaspie, the Plant Manager of the USPS Salt Lake City, Utah Remote Encoding Center, and what Defendant contends is Mr. Jones' use of confidential information he obtained while representing the USPS in prior litigation when he served as an Assistant United States Attorney. According to Defendant, Mr. Jones' use of confidential information and contact

---

[1]   Defendant is the Postmaster General of the United States.

[2]   Ingram's prior surname is Hsiao.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10311 PA (DFMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Mechelle Kinchen v. Megan J. Brennan | | |

with Ms. Glaspie, whom Defendant characterizes as a "managing agent," violate the California Rules of Professional Conduct. Defendant alternatively seeks to exclude evidence Mr. Jones obtained through improper means.

### II.   Legal Standard

Pursuant to Local Rule 83-3.1.2, each attorney practicing before this Court has an obligation to comply with the Rules of Professional Conduct of the State Bar of California. "California law controls whether an ethical violation [has] occurred" in a federal case in California. Wininger v. SI Management L.P., 301 F.3d 1115, 1122 (9th Cir. 2002). "Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them." Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)). These inherent powers include the power to disqualify counsel for unethical behavior. See id.

"Disqualification 'ultimately involves a conflict between a client's right to chosen counsel and the need to maintain ethical standards of professional responsibility.'" Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co., 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003) (quoting State Farm Mut. Auto. Ins. Co. v. Federal Ins. Co., 72 Cal. App. 4th 1422, 1428, 86 Cal. Rptr. 2d 20, 23–24 (1999)). "On the one hand, a court must not hesitate to disqualify an attorney when it is satisfactorily established that he or she wrongfully acquired an unfair advantage that undermines the integrity of the judicial process and will have a continuing effect on the proceedings before the court. On the other hand, it must be kept in mind that disqualification usually imposes a substantial hardship on the disqualified attorney's innocent client, who must bear the monetary and other costs of finding a replacement." Oaks Mgmt Corp. v. Superior Court, 145 Cal. App. 4th 453, 462–63, 51 Cal. Rptr. 3d 561, 567–68 (2006) (internal citations omitted). "However, the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar. Consequently, the recognizably important right to choose one's counsel must yield to the ethical considerations that embody the moral principles of our judicial process." State Farm, 72 Cal. App. 4th at 1428, 86 Cal. Rptr. 2d at 24.

### III.   Analysis

   A.   **Use of Confidential Information**

Plaintiff's counsel previously worked as an Assistant United States Attorney ("AUSA") from 2008 to 2015. During that period, he represented the Government in both criminal and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10311 PA (DFMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Mechelle Kinchen v. Megan J. Brennan | | |

civil matters. While working in the Civil Division, Mr. Jones represented the USPS in at least six employment cases, with the last of those civil cases against the USPS going to trial in 2012. Defendant contends that Mr. Jones has violated his ethical obligations to his former client by using information he obtained while representing the USPS. Specifically, during a discovery dispute involving Plaintiff's Motion to Compel Production of Documents, Mr. Jones submitted a Declaration in which he recounted his history of having represented the USPS in prior litigation while serving as an AUSA and stated that he was "surprised" by the small number of documents produced by Defendant:

> 19. In my capacity as an AUSA in the Civil Division, I litigated numerous Title VII discrimination cases on behalf of federal agencies akin to the one I am advancing on Ms. Kinchen's behalf now. That included litigating many Title VII cases on behalf of the Postal Service. In fact, I have taken three Title VII cases to jury verdict on behalf of the Postal Service alone. Thus, given my prior experience litigating and trying these cases on behalf of the Postal Service, I am well aware of the agency's capabilities with respect to searching for responsive documents and soliciting information from Postal Service employees who may possess information relative to a plaintiff's particular claims.
>
> 20. Therefore, I was somewhat taken aback by the agency's litigative approach from the outset insofar as the government identified so few documents in its Rule 26 initial disclosures and refused the provide copies of what it had identified. That certainly was not the custom and practice that was utilized when I represented the Postal Service as an AUSA.

(Decl. of Terrence Jones ("Jones Decl.") at ¶¶ 19-20 (Docket No. 37).)

"Two types of situations give rise to conflicts disqualifying counsel: concurrent representation and successive representation." Cal. West Nurseries, Inc. v. Superior Court, 129 Cal. App. 4th 1170, 1174, 29 Cal. Rptr. 3d 170, 173 (2005). Successive representation is generally governed by California Rule of Professional Conduct 1.9, which states:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10311 PA (DFMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Mechelle Kinchen v. Megan J. Brennan | | |

> materially adverse to the interests of the former client unless the former client gives informed written consent.
>
> . . .
>
> (c)  A lawyer who has formerly represented a client in a matter . . . shall not thereafter: (1) use information protected by Business and Professions Code section 6068, subdivision (e)[3/] and rule 1.6[4/] acquired by virtue of the representation of the former client to the disadvantage of the former client except as these rules or the State Bar Act would permit with respect to a current client, or when the information has become generally known . . . .

Cal. Rules of Professional Conduct 1.9(a) & (c). A special rule applies to current and former government attorneys. Specifically, California Rule of Professional Conduct 1.11 provides:

> (a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public official or employee of the government:
>
> (1) is subject to rule 1.9(c); and
> (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public official or employee, unless the appropriate government agency gives its informed written consent to the representation.

Cal. Rule of Professional Conduct 1.11(a).

---

[3/]  California Business and Professions Code section 6068(e) imposes upon attorneys the duty to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."

[4/]  California Rule of Professional Conduct 1.6 provides that a lawyer "shall not reveal information protected from disclosure" by California Business and Professions Code section 6068(e)(1) unless the client gives informed consent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10311 PA (DFMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Mechelle Kinchen v. Megan J. Brennan | | |

      Because Rule 1.11 states that former government attorneys are subject to Rule 1.9(c), Defendant's Motion to Disqualify requires an analysis of whether Mr. Jones used confidential information, as defined by California Business and Professions Code section 6068, to the disadvantage of the USPS, his former client. Disqualification in a successive representation case depends on whether there was a "substantial relationship" between the former and current representation. Jessen v. Hartford Cas. Ins. Co., 111 Cal. App. 4th 698, 705, 3 Cal. Rptr. 3d 877, 881 (2003). Determining the existence of a substantial relationship requires evaluation of two factors: "(1) the relationship between the legal problem involved in the former representation and the legal problem involved in the current representation, and (2) the relationship between the attorney and the former client with respect to the legal problem involved in the former representation." Id. at 709, 3 Cal. Rptr. at 884-85. If an attorney was directly and personally involved in the former representation then "it must be presumed that confidential information has passed to the attorney and there cannot be any delving into the specifics of the communications between the attorney and the former client . . . ." Id. at 709, 3 Cal. Rptr. at 885. In such a case, disqualification will depend solely on the similarities between the legal problems in the former representation and the current representation. Id.

      "The substantial relationship test does not require that the issues in the two representations be identical." Trone v. Smith, 621 F.2d 994, 1000 (9th Cir. 1980). "[T]he underlying concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought. The test does not require the former client to show that actual confidences were disclosed. That inquiry would be improper as requiring the very disclosure the rule is intended to protect. The inquiry is for this reason restricted to the scope of the representation engaged in by the attorney. It is the possibility of the breach of confidence, not the fact of the breach, that triggers disqualification." Id. at 999; see also W. Cont'l Operating Co. v. Natural Gas Corp., 212 Cal. App. 3d 752, 759, 261 Cal. Rptr. 100, 104 (1989) ("Disqualification of an attorney from representing a former client does not require proof of actual possession of confidential information.").

      Here, in an action involving a single plaintiff pursuing a retaliation claim arising out of her termination, the Court concludes that there is not a sufficient similarity between the legal problems presented in this action and those Mr. Jones was involved in as an AUSA approximately eight years ago. Nor is the information Mr. Jones "used" — that the USPS is likely to have more responsive documents than those it had produced — the type of "confidential" information that is contemplated by California Business and Professions Code section 6068. The Court therefore declines to disqualify Mr. Jones based on his use of this information in the Declaration he filed in support of Plaintiff's Motion to Compel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10311 PA (DFMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Mechelle Kinchen v. Megan J. Brennan | | |

**B.      Communication with Ms. Glaspie**

Glaspie is the Plant Manager of the Salt Lake City, Utah Remote Encoding Center, which the Postal Service classifies as a Postal Career Executive Service executive-level position. As the Plant Manager of the Remote Encoding Center, Ms. Glaspie oversees 1,250 employees, and exercises substantial independent discretionary authority and judgment over the day-to-day operations of the facility, including creating, reviewing, approving, and enforcing personnel policies. She reports to the Western Area Vice President, who in turn reports to the Chief Operating Officer of the Postal Service. (Decl. of Daphne Glaspie at ¶¶ 1 & 3. (Docket No. 49).)

Glaspie worked with Plaintiff when Glaspie managed a facility in California. Plaintiff's Federal Rule of Civil Procedure 26 initial disclosures, which Plaintiff provided to Defendant on August 5, 2019, listed Ms. Glaspie as a witness, although Ms. Glaspie played no role in Plaintiff's termination. On October 14, 2019, Mr. Jones spoke to Ms. Glaspie by phone. After that conversation, Mr. Jones prepared a declaration for Ms. Glaspie to sign, which she did on October 15, 2019. According to Mr. Jones, during his conversation with Ms. Glaspie, he identified himself as Plaintiff's attorney and "drew the conclusion, based upon Glaspie's description of her position, and based upon my good faith judgment, that she was not a 'managing agent' and that I could permissibly interview her." (Jones Decl. at ¶ 13.)

California Rule of Professional Conduct 4.2 limits an attorney's ability to speak with people represented by other counsel. Specifically, Rule 4.2 states:

> (a)   In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.
> (b)   In the case of a represented corporation, partnership, association, or other private or governmental organization, this rule prohibits communications with:
>
>> (1)   A current officer, director, partner, or managing agent of the organization; or
>>
>> (2)   A current employee, member, agent, or other constituent of the organization, if the subject of the communication is any act or omission of

Case 2:18-cv-10311-PA-DFM Document 60 Filed 03/17/20 Page 7 of 7 Page ID #:983

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10311 PA (DFMx) | Date | March 17, 2020 |
|---|---|---|---|
| Title | Mechelle Kinchen v. Megan J. Brennan | | |

>such person in connection with the matter which
>may be binding upon or imputed to the
>organization for purposes of civil or criminal
>liability.

California Rule of Professional Conduct 4.2(a) & (b). Rule 4.2 defines a "managing agent" as an employee, member, agent, or other constituent of an organization with substantial discretionary authority over decisions that determine organizational policy." California Rule of Professional Conduct 4.2(d)(1). Only those who "exercise substantial discretionary authority over decisions that ultimately determine corporate policy" are considered "managing agents." White v. Ultramar, Inc., 21 Cal. 4th 563, 577, 88 Cal. Rptr. 2d 19, 29 (1999); see also id. ("Thus, supervisors who have broad discretionary powers and exercise substantial discretionary authority in the corporation could be managing agents. Conversely, supervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees.").

Glaspie's position as Plant Manager of the Salt Lake City, Utah Remote Encoding Center, where she oversees 1,250 employees and exercises substantial discretionary authority makes her a "managing agent" of a represented corporation. Mr. Jones' contact with her therefore violated Rule 4.2. These circumstances, however, do not merit the harsh sanction of disqualification. Instead, in an exercise of the Court's discretion, the Court concludes that evidentiary sanctions are appropriate. The Court therefore precludes Plaintiff from using Ms. Glaspie's October 15, 2019 Declaration in this litigation, and prohibits Plaintiff's counsel from engaging in ex parte communications with current managing agents of the USPS, without obtaining prior authorization from USPS. Any future violation of the Rules of Professional Conduct may warrant more substantial sanctions, including disqualification.

## Conclusion

For all of the foregoing reasons, the Court grants in part, and denies in part, Defendant's Motion to Disqualify. Specifically, the Court declines to disqualify Plaintiff's counsel. However, the Court precludes Plaintiff from using Ms. Glaspie's October 15, 2019 Declaration, and prohibits Plaintiff's counsel from engaging in ex parte communications with Defendant's officers, directors, or managing agents.

IT IS SO ORDERED.